# In the United States Court of Federal Claims

No. 22-922

Filed: October 28, 2022

|  |
|---|
| **FLORDELIZA A. HAWKINS,** *Plaintiff*, v. **THE UNITED STATES,** *Defendant*. |

## MEMORANDUM OPINION AND ORDER

     Pro se Plaintiff, Flordeliza A. Hawkins's ("Ms. Hawkins") Complaint is not legible. (Compl., ECF No. 1). On September 19, 2022, the Court ordered Ms. Hawkins to amend her Complaint by writing in "typed format or [] print format that more clearly uses block letters." (ECF No. 8). Ms. Hawkins's Aamended Complaint, filed on October 10, 2022, does not comply with that Order, as it is still handwritten in cursive and is, though somewhat better, still illegible in significant portion. (Am. Compl. ECF No. 9); *see also* United States Court of Federal Claims, Pro Se Complaint Form, *available at*, www.uscfc.uscourts.gov/sites/default/files/Complaint%20Fillable%20Form_2.pdf (last visited Oct. 23, 2022) (stating that the "complaint must be *clearly* handwritten or typewritten . . . .") (emphasis added).

     Diligent prosecution is an essential ingredient of meaningful judicial review. Therefore, the Court's rules provide that "[i]f the plaintiff fails to prosecute or to comply with . . . a court order," the Court may dismiss the action. RCFC 41(b); *see also*, *Moss v. United States*, 329 F. App'x 335 (3d Cir. 2009) (dismissing illegible complaint); *Paul v. Marberry*, 658 F.3d 702, 705 (7th Cir. 2011) ("Having been given a chance to amend, and having failed to take it," the case should be dismissed when "all the judge was left with was a complaint that, being irremediably unintelligible, gave rise to an inference that the [plaintiff] could not state a claim."). Accordingly, the United States moves to dismiss the Complaint for failure to prosecute under RCFC 41(b). (ECF No. 10).

     As the Court ordinarily allows pro se plaintiffs more leniency with procedural rules and filing deadlines, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), the Court reviews the content of the Amended Complaint to the degree it can. It appears that Ms. Hawkins seeks review of the Court of Appeals for the Federal Circuit's decision in a separate case previously brought by Ms. Hawkins. *See Hawkins v. United States*, Case No. 22-1096, 2022 U.S. App.LEXIS 23359 (Fed. Cir. Aug. 22, 2022). In *Hawkins*, the Federal Circuit upheld the decision of the Court of Federal Claims to dismiss Ms. Hawkins's earlier case for lack of subject-matter jurisdiction, finding that claims related to a foreclosure sale of Ms. Hawkins's private property by her private bank did not adequately invoke the Court of Federal Claims' jurisdiction. *Id*. Ms. Hawkins's Amended

Complaint challenging that decision must also be dismissed for lack of subject-matter jurisdiction.

      As a threshold matter in every case, the Court must determine whether it possesses jurisdiction over the claims in the Complaint. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998). In reviewing its jurisdiction, the Court accepts as true all undisputed factual assertions in the Complaint and draws all reasonable inference in favor of the plaintiff. *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011). The Court of Federal Claims possesses jurisdiction over alleged violations by the United States that mandate payment of money damages by the Federal Government. 28 U.S.C. § 1491(a)(1). The United States' mandate for money damages can emanate from: (1) an express or implied contract with the United States; (2) right for a refund of a payment made to the United States; or (3) a constitutional, statutory, or regulatory provision. *Id.* Pro se plaintiffs are entitled to a liberal construction of their pleadings, but that lenient standard does not relieve them from satisfying the Court's jurisdictional requirements. *Treviño v. United States*, 113 Fed. Cl. 204, 208 (2013), *aff'd*, 557 Fed. Appx. 995 (Fed. Cir. 2014) (citations omitted). Therefore, if the Court finds at any time that it lacks subject-matter jurisdiction, the Court must dismiss the action. RCFC 12(h)(3).

      Ms. Hawkins does not identify any such substantive source of authority mandating payment of money damages for any alleged violations of Ms. Hawkins's rights. The Court construes Ms. Hawkins's Complaint as seeking review of the Federal Circuit's decision. (*See* Am. Compl.). However, the Court lacks subject-matter jurisdiction to collaterally review decisions by state courts, federal bankruptcy courts, or other federal courts, including the Court of Appeals for the Federal Circuit. *See* 28 U.S.C. § 1491(a); *see also*, *Mora v. United States*, 118 Fed. Cl. 713, 716 (2014); *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994). To review such decisions, plaintiffs must rely on the "statutorily defined appellate process," for each court. *Shinnecock Indian Nation v. United States*, 782 F.3d 1345, 1353 (Fed. Cir. 2015); *see also* 28 U.S.C. § 1254 (2012) ("Cases in the courts of appeals may be reviewed by the Supreme Court . . . [b]y writ of certiorari . . . ."). Accordingly, Ms. Hawkins's Complaint must still be dismissed for lack of subject-matter jurisdiction under RCFC 12(h)(3). To the extent that any additional allegations are concealed by the illegible portions of Ms. Hawkins's Amended Complaint, they too must be dismissed. *Moss*, 329 F. App'x at 335; *Paul*, 658 F.3d at 705.

      Lastly, because Ms. Hawkins has made the requisite showing for financial hardship, her motion for leave to proceed in forma pauperis, (ECF No. 2), is **GRANTED**. For the stated reasons, Ms. Hawkins's Complaint is dismissed for lack of subject-matter jurisdiction under RCFC 12(h)(3). All other pending motions are **DENIED** as moot. The Clerk **SHALL** enter judgment accordingly.

      **IT IS SO ORDERED.**

*David A. Tapp*
DAVID A. TAPP, Judge